Curia, per Evans, J.
In this case it must be assumed that there was a warranty of some sort, and that the negro was unsound, because the jury have so found. Under these circumstances the defendant contends that having tendered back the negro, she had rescinded the contract and was entitled to a verdict. This proposition cannot be *45 sustained : 1st. Because there was in fact no tender. What she calls a tender was a mere proposal to return the negro, who was not present, so that if the plaintiffs had assented, they could not have re-possessed themselves of her. 2d. The defendant’s subsequent conduct shews she still regarded the negro as hers, by two offers to sell, which she could not do if the contract was rescinded, and the negro revested in the plaintiffs by the tender.
But suppose the tender was sufficient, and not waived by her subsequent conduct, had she a right to rescind the contract ? — for if she had not, then the tender was a nugatory act. By the rules which are recognised in the English - Courts, a purchaser cannot, by tender back of the chattel which he has bought, rescind the contract, except in certain specified cases wherein the law recognises his right to do so — in other cases the assent of the seller is an essential ,j requisite to the rescission. These cases are, 1st. where the ; right to return the property was a part of the original con- : tract; 2nd. where there has been a fraudulent concealment. It is even doubtful whether a breach of the contract, not - coming within the above exceptions, can be given in evidence to produce an abatement in the price. Chitty, in his treatise on contracts, page 363, says. “Where the contract of sale and warranty has reference to a specific chattel, in esse, and seen by the purchaser at the time of the sale, (as a horse, <fec.) and the purchaser has accepted the article, (even though he accepted it before he discovered the breach of warranty) it seems he cannot effectually tender back or return the goods, so as to obtain a defence to an action for the price, the vendor refusing to take back the chattel.” To the same effect is the judgment of Lord Tenterden, C. J. in the case of Street vs. Blay, 2 B. and Ad. 456. In the case of Thornton vs. Wynn, 12 Wheat. 183, which was an action on a note given for a race horse warranted sound, the Supreme Court of the United States decided that the purchaser should pay the note, unless the jury believed ,that the seller knew of the unsoundness, and was therefore guilty of a fraud, although there was clear proof of unsound-mess, and the horse had been tendered back. But it is said, in a note to 7 East, 481, that Lord Kenyon had decided *46 that a breach of warranty might be given in evidence in mitigation of damages, in an action to recover the price, and there is no doubt that such a defence may be made under our discount law, whether it goes to the whole consideration or only a part. [On the right of the purchaser to rescind, by a tender back of the property, our courts have gone farther than the English, and I believe I may say that it is the settled law, that where there has been an entire failure of consideration, and the chattel has been tendered back, and the contract thus rescinded, the purchaser may recover back the price, if paid, or defend himself effectually if sued for the purchase money. None of our cases go further than this, either in relation to lands or chattels./In all of them it is recognised as the settled law, that assump-sit for money had and received, will not lie until the contract has been- rescinded. This cannot be done without the consent of the seller, unless in those cases where the purchaser has the legal right to rescind, in which cases he may rescind by a tender back, or in case this has been rendered impossible by the death or destruction of the chattel, he may rescind by notice without tender. Fowler vs. Williams, 2 Brev. R. 304; Seibles vs. Blackwell, 1 McM. 56 ; Byers vs. Bostwick, 2 Mill. R. 75 ; Wilson vs. Ferguson, Chev. 193. The case of Ashley vs. Reeves, 2 McC. 432, at first view might seem to have gone further. That was an action to recover the price of a negro. The jury found for the defendant, although there had been no tender, and the case, therefore, must have been supported on the ground that the negro was of no value. It could not be on the ground of rescission, because all the cases agree there can be no rescission without tender, if it be possible; and the court say, in an action on the warranty, no tender is necessary.
Upon a review of all the cases, it seems to me, the law may be stated to be this; if, by law, as in case of deceit, or entire failure of consideration, the purchaser be entitled to rescind the contract, the verdict should be for him, whether he be plaintiff or defendant. If the contract is still open, and not rescinded, the seller is entitled to recover so much as the thing sold, in its unsound state, is worth; *47 and if it is worth nothing, he may be discharged entirely from the price. The effect of the verdict is, in the first case, to revest the property in the seller ; in the last case the purchaser must keep it, paying the value as found by the verdict. There is great propriety in adhering strictly to these legal distinctions, and both the form of the action and the pleadings should be framed with reference to them. It often becomes a question of difficulty to determine after the verdict to whom the property belongs, as was the case in the City Council vs. Cohen, 2 Sp. R. 408. There was, in that case, proof that the negro was valueless, and so far as could be known the jury had so regarded her, and she had been tendered back; yet, as Cohen had brought an action for a breach of the warranty, and not the appropriate action, if the contract had been rescinded, he was held to be still the owner of the slave, and bound to pay for her maintenance as a lunatic. This case would seem to indicate that the question of ownership, after the verdict, is to be decided by the record, and such, in general, would certainly be the fact, although in certain cases where the issue presented two questions of fact, upon either of which the verdict might have been rendered, it may be that evidence ali-unde might be received to shew upon what ground the verdict was rendered, as in Henderson vs. Kenner, 1 Rich. 474.
In the preceding remarks I have maintained that a tender would be unavailing except in those enumerated cases where the law recognises the right of the purchaser to rescind the contract. In other cases it is not necessary, but it may be prudent to offer to the seller an opportunity of rescission, thereby shewing the sincerity of the purchaser’s complaint of a breach of warranty, and that it is not, as is very often the case, merely pretensive.
In those cases where the law recognises the right of the purchaser to rescind the contract, but the seller refuses to take back the property when tendered, it becomes an inter-resting question to determine what is to become of the chattel during the pendency of the litigation. Must the purchaser, in all cases, abandon the possession 1 or may he keep it 1 and if he does, can he recover compensation for *48 so doing 1 Most of the actions on warranties in this State relate either to slaves or domestic animals requiring both care and subsistence. The law does not allow a man to determine definitively on his own rights ; his right to rescind is unsettled until decided on by the judicial tribunals. To require that he should abandon a slave or a horse would be often inhuman in the extreme, and I do not see any reason why he may not retain the possession as a bailment during the pendency of the litigation, and if the jury affirm his right to rescind, then the chattel is vested in the seller from the time the contract was rescinded. In the mean time the purchaser has been put to expense in keeping it, and I do not see any reason why he may not, on proper allegations in his declaration, or notice of discount, recover such expense from the seller. This seems to have been fully recognised as law in the case of Seibles vs. Blackwell, before referred to.
Note. On the subject of actions on warranties on the sale of chattels, see 1 Wheat Selw. Deceit, 647; 2 Steph. N. P. Deceit, 1279; and Chandlor vs. Lopus, 1 Smith L. C. (Amer. Ed.) 145. Yide Chester man vs. Lamb, 2 Ad. and Ell. 132, as to the right of the purchaser to recover for the keep of the horse after tender back. R.
There is nothing in the second point made in the grounds of appeal. The exposure of the negro to public auction is no' conclusive evidence of value. It may be evidence that those who were present were unwilling to buy a negro alleged to have a cancer on her foot, but whether this was a fact, and whether she was of no value, belonged to the jury to decide.
As the jury have found that the negro was of value, and there was no allegation of fraud in the sale, the defendant was not entitled to rescind the contract. She was entitled to an abatement in the price, and that the jury have allowed her. The motion is dismissed.
Richardson, O’Neall, Butler, Wardlaw and Frost, JJ. concurred.